UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Taurean Curtis Jackson, | Case No. 25-cv-2859 (KMM/ECW) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| United States of America, | |
| Respondent. | |

---

This case is before the Court on Petitioner Taurean Curtis Jackson's Emergency Petition for Writ of Habeas Corpus Based on Actual Innocence and Judicial Obstruction (Dkt. 1 ("Petition")). For the reasons discussed below, the Court recommends denying the Petition and dismissing the case.

In October 2021, a grand jury in this District indicted Jackson on one count of conspiring to distribute fentanyl (in violation of 18 U.S.C. § 841(a)(1)). *See* Indictment, *United States v. Jackson*, No. 21-CR-0216(4) (DWF/DTS) (D. Minn. Oct. 12, 2021).[1] In March 2022, Jackson agreed to plead guilty as part of a plea agreement. *See* Plea Agreement and Sentencing Stipulations 1, *United States v. Jackson*, No. 21-CR-0216(4)

---

[1] Some documents from Jackson's federal prosecution cited in this Report and Recommendation do not appear on this case's docket. But a federal court may take judicial notice of public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Dusek v. Vaught*, No. 25-CV-0379 (LMP/SGE), 2025 WL 1799723, at *1 n.1 (D. Minn. May 30, 2025) (citing cases), *R. & R. adopted*, 2025 WL 1797720 (D. Minn. June 30, 2025).

(DWF/DTS) (D. Minn. Mar. 30, 2022).  U.S. District Judge Donovan W. Frank later sentenced Jackson to 120 months in prison.  *See* J. in a Criminal Case 2, *United States v. Jackson*, No. 21-CR-0216(4) (DWF/DTS) (D. Minn. July 30, 2022).  Jackson did not appeal.

In February 2025, however, Jackson filed a motion under 28 U.S.C. § 2255 in his criminal case.  *See* Mot. to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 and Request for Disclosure of DEA-7 Report, *United States v. Jackson*, No. 21-CR-0216(4) (DWF/DTS) (D. Minn. Feb. 6, 2025).  Judge Frank denied the motion, finding it untimely under the one-year statute of limitations for § 2255 motions, and stating that even if the motion had been timely, Jackson's claims "[had] no merit." *United States v. Jackson*, No. 21-CR-0216(4) (DWF/DTS), 2025 WL 1031157, at *2 (D. Minn. Apr. 7, 2025).

The Court received the pending Petition on July 14, 2025, and it clearly seeks to challenge Jackson's conviction in No. 21-CR-0216(4).  Jackson raises several arguments in support.  He says his retained attorney waived all pretrial motions without his consent, denying him a chance to challenge the Government's case.  (*See* Dkt. 1 at 1.)  He claims the prosecution withheld exculpatory evidence and relied at sentencing on "an undisclosed administrative summary," violating *Brady* and his Sixth Amendment confrontation rights.  (*See id.* at 2.)  He argues the only item tied to him was a "sham package" containing "no actual drugs," suggesting that he is actually innocent.  (Dkt. 1-1 at 1.)  He also asserts that his Presentencing Report "doubled" an "expired . . . conviction," leading to an incorrect criminal history score.  (Dkt. 1 at 3.)

The Petition relies on 28 U.S.C. § 2241 (*see id.* at 1), which presents an immediate issue.  A federal prisoner trying to challenge his conviction or sentence generally must do so through a 28 U.S.C. § 2255 motion in the sentencing court—not a § 2241 habeas petition elsewhere.  *See, e.g.*, *Jones v. Hendrix*, 599 U.S. 465, 469 (2023); *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004) (citing cases).  The so-called savings clause in 28 U.S.C. § 2255(e) allows a prisoner to use § 2241 only if "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the prisoner's] detention."  That means Jackson's § 2241 petition can go forward here only if the § 2255 remedy is "inadequate or ineffective" in his case.  And Jackson bears the burden of showing that it is.  *See, e.g.*, *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003) (citing *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986)); *Harper v. FCI Waseca*, No. 23-CV-2502 (JRT/TNL), 2024 WL 3164981, at *2 n.3 (D. Minn. May 28, 2024) (citing *Hill*), *R. & R. adopted*, 2024 WL 3163730 (D. Minn. June 25, 2024).

Meeting this standard is hard.  "It is well established that 'in order to establish a remedy is "inadequate or ineffective" under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition.'"  *Abdullah*, 392 F.3d at 959 (quoting *Hill*, 349 F.3d at 1091).  "Furthermore, § 2255 is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied, or because a remedy under that section is time-barred."  *Id.* (citing *United States v. Lurie*, 207 F.3d 1075, 1076 (8th Cir. 2000)).  Most important here, the U.S. Court of Appeals for the Eighth Circuit has held that § 2255 is not inadequate or ineffective if the petitioner already had "an unobstructed procedural opportunity to raise his claim."  *Id.*; *see also, e.g.*, *Becerra v. United States*,

3

No. 24-CV-1100 (PJS/JFD), 2024 WL 2836163, at *2 (D. Minn. Apr. 15, 2024) (quoting *Abdullah*), *R. & R. adopted*, 2024 WL 2832435 (D. Minn. June 4, 2024).

Jackson argues that § 2255 is "structurally inadequate" in his case, such that he should be allowed to proceed under § 2241 instead. (Dkt. 1 at 1; *see also id.* at 3.) As the Court understands it, Jackson bases this claim on his trial counsel's failure to file any pretrial motions and on the alleged suppression of exculpatory evidence. (*See id.* at 1.) But on their face, these are arguments Jackson could have raised in a timely § 2255 motion in his criminal case. It is true that he likely cannot raise them in a § 2255 motion *now*, as any new motion would be second or successive and likely time-barred for the same reasons his earlier § 2255 motion was. But as suggested above, procedural barriers like those do not make the § 2255 remedy inadequate or ineffective.

The Court thus concludes that the savings clause of 28 U.S.C. § 2255(e) does not apply in this case. As a result, the Court lacks jurisdiction to consider this action under 28 U.S.C. § 2241. The Court therefore recommends denying the Petition and dismissing this case. Given that recommendation, the Court also recommends denying Jackson's pending motions.[2]

---

[2] Jackson's Emergency Request for Judicial Notice (FRE 201) Re: Fraudulent Docketing & Evidence Suppression asks the Court to take judicial notice of certain allegations about the docket in his criminal case and filings he made in the Eighth Circuit. (*See* Dkt. 2.) His Request for Court-Appointed Pro Bono Counsel speaks for itself. (*See* Dkt. 4.) And his Emergency Motion to Compel Production of Suppressed DEA-7 Lab Report asks the Court to order the Government to produce materials he says are relevant to his criminal case. (*See* Dkt. 5.)

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Petitioner Taurean Curtis Jackson's Emergency Petition for Writ of Habeas Corpus Based on Actual Innocence and Judicial Obstruction (Dkt. 1) be **DENIED**.

2. This action be **DISMISSED WITHOUT PREJUDICE**.

3. Jackson's pending motions (Dkt. 2, 4, and 5) be **DENIED** as moot.

Date: July 30, 2025                            *s/ Elizabeth Cowan Wright*
                                               ELIZABETH COWAN WRIGHT
                                               United States Magistrate Judge

## NOTICE

**Filing Objections:** The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).